UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff<br><br>v.<br><br>JUSTIN LEE TRIPP,<br><br>   Defendant | Case No.: 2:20-cr-00237-APG-DJA<br><br>**Order Denying Motion for Compassionate Release**<br><br>[ECF Nos. 102, 114] |

   Defendant Justin Lee Tripp pleaded guilty to conspiracy to commit bank fraud and aggravated identity theft. I sentenced him to 32 months on the conspiracy charge and 24 months, consecutive, on the identity theft charge. ECF No. 95. He has served approximately 39 months of that sentence, and his projected release date is in April, 2024. ECF No. 123 at 1 n.1, 3. He now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because he suffers from a variety of health issues including HIV, chronic kidney disease, hypertension, hyperlipidemia, herpes, and a shoulder injury. ECF Nos. 102, 114. He contends his health problems are not being properly addressed by the Bureau of Prisons (BoP) and is worried about contracting COVID-19 a second time. The United States opposes the request. ECF No. 123.

   The compassionate release statute authorizes courts to reduce a defendant's prison term, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

18 U.S.C. § 3582(c)(1)(A). Tripp has exhausted his administrative remedies regarding his request for compassionate release. ECF No. 101.[1]

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons." I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission," including the requirement that the defendant "is not a danger to the safety of any other person or to the community." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

No doubt, the COVID-19 virus presents a risk to all incarcerated people. It also presents a risk to citizens who are not incarcerated. Tripp's health issues place him at a higher risk. The BoP is taking steps to treat and prevent the spread of the virus at FCI Herlong, and there are no reported cases there at present. *See* Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed January 4, 2023). And the availability of a COVID-19 vaccine at the prison undercuts the finding of an extraordinary and compelling reason for compassionate release. *U.S. v. McRae*, 2022 WL 803978 at *2 (10th Cir. Mar. 17, 2022).

Tripp was previously infected with COVID-19, and he has been vaccinated against the virus. ECF No. 102 at 13. Fortunately, he apparently did not suffer severe or long-lasting complications from the infection, and he has now developed protective antibodies.

---

[1] The Government contends Tripp has not exhausted "his administrative remedies regarding his claim that BoP allegedly failed to adjust his sentence by calculating and applying earned time credits." ECF No. 123 at 6. I do not interpret Tripp's motion to challenge the BoP's calculation of his sentence. As the Government correctly points out, such a challenge would have to be brought by a habeas petition under 28 U.S.C. § 2241 and be filed in the district in California where Tripp is incarcerated. *Id.* at 6-7. Rather, I construe Tripp's references to the calculation of his sentence as evidence that compassionate release is warranted based on the remaining time he must serve, if any.

If Tripp is released, he will still have the same risks from infection based on his medical condition because the virus has not been eradicated in the non-custodial environment. Releasing Tripp would require him to be transported, which would expose him and the U.S. Marshal or BoP personnel to greater risk of exposure. Release also would necessitate interaction with Probation officers, to set up and continue monitoring. Release also would expose Tripp to infection from his family members or others he and his family come into contact with through daily activities. Obviously, there is no fail-safe way to protect Tripp, or any other person, from COVID-19. And while the risk of reinfection may be higher in the BoP, Tripp does not present extraordinary and compelling reasons for compassionate release.

But even if Tripp's condition can be deemed extraordinary and compelling, I would still deny the motion because he is a danger to the community. 18 U.S.C. § 3553(a); *see also* U.S.S.G. § 1B1.13(2) (court must determine that "the defendant is not a danger to the safety of any other person or to the community"). Tripp stole a significant amount of money and property from dealerships, financial institutions, and individuals by engaging in identity theft. Thus, he understands how to use others' identities to evade detection. When he was arrested in this case, he assaulted police officers, took one of their stun guns, and attempted to flee. He had a 9mm pistol and 17 rounds of ammunition hidden in the stolen truck he was driving.[2] Tripp has prior convictions in Washington for attempting to flee from police, domestic violence, aggravated identity theft, and unlawful production of identification documents.

At the time of his arrest in this case, Tripp was on supervised release following a federal conviction. He violated those release conditions by absconding, possessing and

---

[2] As a result of those actions, he pleaded guilty in Nevada state court to felony Unlawful Possession of an Electronic Stun Device and felony Resisting a Police Officer With Use of a Dangerous Weapon.

3

using controlled substances, failing to report, failing to take drug tests and attend drug treatment, traveling outside the district without permission, and committing the crimes at issue here and in the related Nevada state court proceeding. He has twice been convicted in Washington state court for violating court orders in connection with domestic violence, and there were warrants out for his arrest in Washington. And he has fought with police and resisted arrest more than once. He is a danger to the community, which precludes compassionate release.

      I therefore deny Tripp's motion for compassionate release (**ECF Nos. 102, 114**).

      DATED this 4th day of January, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE